IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 5 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-00395-BNB

DOUGLAS L. WOLFF,

Applicant,

v.

JAMES ABBOTT (Warden) [C.T.C.F.], and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHERS,

Respondents.

---

ORDER TO FILE AMENDED PRE-ANSWER RESPONSE

---

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case and pursuant to *Denson v. Abbott*, – F. Supp. 2d –, 2008 WL 1970935 (D. Colo. 2008), the Court determined that a limited Pre-Answer Response is appropriate. Therefore, on April 17, 2008, Respondents were ordered pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). The April 17, 2008, order informed Respondents that If they do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. The April 17, 2008, order also informed Respondents they may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to the Order.

In support of the Pre-Answer Response, Respondents were directed to attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

The April 17, 2008, Order allowed Applicant to reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. The April 17 Order informed Applicant to include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

On April 29, 2008, Respondents submitted to the Court their Pre-Answer Response for filing. On May 27, 2008, Applicant submitted his Reply for filing. Upon review of the Pre-Answer Response, the Court finds that additional information is necessary. In the April 29 Pre-Answer Response, Respondents allege that the application is filed in a timely manner and that two of the three claims appear to be exhausted, but that the third claim does not. Therefore, Respondents argue citing to **Rose v. Lundy**, 455 U.S. 509 (1982), as support for their argument, that the application should be dismissed as a mixed petition. **See** Pre-Answer Response at 8. Respondents failed to discuss procedural default, however, which clearly is an extension of the exhaustion issue, although they note that Applicant's third claim is procedurally defaulted, was expressly rejected by the Colorado Court of Appeals on procedural grounds, and that no further remedy exists because any future claim would

2

be denied as successive under Colo. R. Crim. P. 35(c)(VII).

Respondents' argument that the application should be dismissed as a mixed petition may be erroneous if the third unexhausted claim is, in fact, procedurally defaulted. The Court is not confronted with a mixed petition if Applicant now would be procedurally barred from raising his third claim in the state courts. Instead, the Court may deem an unexhausted claim procedurally barred and address only the properly exhausted claims. *See Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Therefore, Respondents are directed to file an amended Pre-Answer Response that replaces the Pre-Answer Response filed on April 29, 2008, and that also addresses the issue of procedural default. Accordingly, it is

ORDERED that **within twenty (20) days from the date of this Order** Respondents shall file an amended Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty (20) days of the filing of the Pre-Answer Response** Applicant may file a second Reply, if he desires.

DATED June 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00395-BNB

Douglas L. Wolff
Prisoner No. 119320
Colorado Territorial Corr. Facility
PO Box 1010
Cañon City, CO 81215- 1010

Susan Eileen Friedman
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/5/08 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk