IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00395-BNB

DOUGLAS L. WOLFF,

    Applicant,

v.

JAMES ABBOTT (Warden) [C.T.C.F.], and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHERS,

    Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Douglas L. Wolff, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. Mr. Wolff initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 02CR2540. He has paid the $5.00 filing fee.

In an order filed on April 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 29, 2008, Respondents filed their Pre-Answer Response. On May 27, 2008, Applicant filed a Reply to the Pre-Answer Response.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2008

GREGORY C. LANGHAM
    CLERK

On June 5, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days an amended Pre-Answer Response that replaced the Pre-Answer Response filed on April 29, 2008, and that also addressed the issue of procedural default. On June 23, 2008, Respondents filed an amended Pre-Answer Response. On July 7, 2008, Applicant filed a second Reply to the Pre-Answer Response.

The Court must construe liberally the application and the replies filed by Mr. Wolff because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss as procedurally barred Mr. Wolff's third of his three claims.

Mr. Wolff was convicted in July 2003 by a jury in El Paso County District Court case number 02CR2540 on charges of first-degree assault with a deadly weapon. On October 3, 2003, he was sentenced to twenty-five years of imprisonment in the DOC. On March 10, 2005, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Wolff*, No. 03CA2223 (Colo. Ct. App. Mar. 10, 2005) (not published). On July 18, 2005, the Colorado Supreme Court denied certiorari review.

On October 24, 2005, Mr. Wolff filed a motion to correct an illegal sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure, which the trial court denied on November 30, 2005. On August 16, 2007, the Colorado Court of Appeals affirmed. *See People v. Wolff*, No. 06CA1188 (Colo. Ct. App. Aug. 16,

2007) (not published). On December 3, 2007, the Colorado Supreme Court denied certiorari review. On February 13, 2008, Mr. Wolff submitted the instant application. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Wolff asserts three claims: (1) that his trial attorney was ineffective for failing to ensure that the jury was required to find, beyond a reasonable doubt, any facts that would permit the trial court to impose an aggravated-range sentence; (2) that his rights to equal protection and trial by jury were violated because the jury allegedly was not required to find, beyond a reasonable doubt, any fact used to support his aggravated-range sentence; and (3) that the evidence adduced at trial was insufficient to support his conviction for first-degree assault with a deadly weapon, a per se crime-of-violence offense under Colo. Rev. Stat. § 18-3-202(1)(a), (2)(c), because "the alleged victim testified that she never saw a weapon during the commission of the alleged first degree assault." Application at 6.

Respondents also concede that Mr. Wolff exhausted state remedies for his first and second claims through his Colo. R. Crim. P. 35(a) postconviction motion but argue that he failed to exhaust state court remedies for his sufficiency-of-the-evidence claim, the third claim. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S.

838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents specifically argue that Mr. Wolff failed to exhaust state court remedies for his third claim because the claim was not raised in his Colo. R. Crim. P. 35(a) postconviction motion and was not considered on appeal. Having reviewed the state court record currently before the Court, this Court agrees. Although Mr. Wolff failed to exhaust state court remedies for his third claim for relief, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Wolff no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because the Colorado Court of Appeals expressly rejected the sufficiency-of-the-evidence claim on procedural grounds, *see People v. Wolff*, No. 06CA1188, slip op. at 4-5 (Colo. Ct. App. Aug. 16, 2007) (not published), and because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(VII). Therefore, the third claim that Mr. Wolff failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Wolff's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental

miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Wolff must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); **United States v. Salazar**, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also* **United States v. Cervini**, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Wolff first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Wolff then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Liberally construing the allegations in his replies, Mr. Wolff apparently attempts to demonstrate cause for his procedural default by complaining that his trial attorney failed to question the victim extensively regarding her comment that she never saw a weapon, the basis for his third claim. This argument fails.

Whatever counsel did or did not do at trial bears no relevance to Mr. Wolff's failure to exhaust his third claim.

Although Mr. Wolff also contends that he is innocent, he fails to support any allegations of constitutional error with new reliable evidence. Therefore, the Court finds that the third claim Mr. Wolff failed to exhaust is procedurally barred because Mr. Wolff has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the claim three is dismissed as procedurally barred. It is

FURTHER ORDERED that claims one and two and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00395-BNB

Douglas L. Wolff
Prisoner No. 119320
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/22/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk