IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00395-MSK

DOUGLAS L. WOLFF,

Applicant,

v.

JAMES ABBOTT, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

---

This matter comes before the Court on Petitioner Douglas L. Wolff's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (# 3).[1] The Respondents filed an Answer (# 21). The Petitioner filed a traverse (# 22). Having considered the same, along with the state court trial record, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

---

[1]Because the Petitioner appears pro se, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972). However, the Court does not serve as his advocate. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir.1991).

## II. Background

Petitioner Douglas Wolff was charged in the El Paso County District Court with one count of first degree assault (by use of a deadly weapon), one count of menacing, one count of second degree kidnapping (by use of a deadly weapon), and related crime of violence counts.[2] Trial Court File, at 13-15. The charges arose from an incident that occurred on June 22, 2002 in Colorado Springs.[3] The victim was walking home from Colorado College when the Petitioner grabbed her by surprise, pulled her onto the ground behind a bush and held her down, while she kicked and screamed. Petitioner fled when a passerby drove up and began honking his horn. Another man ran after the Petitioner. When the man caught up to the Petitioner, he saw a knife in Petitioner's hand and wrestled Petitioner to the ground. The passerby assisted in restraining Petitioner until the police arrived.

The victim suffered a broken nose, a laceration below her chin that required ten stitches, two black eyes, and other minor abrasions as a result of the incident. Trial Court Transcript, Vol. 2 at 25, 30-31.

At a trial in 2003, the jury found Petitioner guilty of first degree assault with a deadly weapon, and not guilty of the other charges. The trial court sentenced Petitioner to a twenty-five year term in the Colorado Department of Corrections.

---

[2] Petitioner was also charged with the lesser included offenses of second degree assault and second degree kidnapping. Trial Court File, at 13-15.

[3] This general introductory background is taken from the statement of the case and statement of the facts in the Petitioner's opening brief on direct appeal. Answer, Appendix A, at 1-2.

The Colorado Court of Appeals affirmed Petitioner's conviction on direct appeal. *People v. Wolff*, No. 03CA2223 (Colo. App. March 20, 2005) (unpublished decision), Answer at Appendix C. Petitioner filed a petition for certiorari review with the Colorado Supreme Court, which was denied on July 18, 2005.

Petitioner filed a motion to correct an illegal sentence pursuant to Colo. Crim. P. Rule 35(a), which was denied by the trial court on November 30, 2005. The Colorado Court of Appeals affirmed this decision. *People v. Wolff*, No. 06CA1188 (Colo. App. August 16, 2007) (unpublished decision), Answer at Appendix J. The Colorado Supreme Court denied Petitioner's request for certiorari review on December 3, 2007. The mandate issued on December 7, 2007.

Petitioner commenced this action on February 26, 2008, alleging that: (1) his trial counsel was constitutionally ineffective because he failed to ensure that the jury was required to find, beyond a reasonable doubt, any fact that would permit the trial court to impose an enhanced sentence; (2) his constitutional rights to equal protection and trial by jury were violated because the jury was not required to find, beyond a reasonable doubt, any fact used to support his enhanced sentence; and, (3) that the evidence adduced at trial was insufficient to support his conviction for first degree assault with a deadly weapon because "the alleged victim testified that she never saw a weapon during the commission of the alleged first degree assault." Petition at 6.

On April 17, 2008, Magistrate Judge Boland ordered the Respondents to file a pre-answer response limited to addressing the issues of timeliness and/or exhaustion of

state court remedies.  Respondents filed their pre-answer response on April 29, 2008, to which Petitioner filed a reply.  On June 25, 2008, Magistrate Judge Boland ordered the Respondents to file an amended pre-answer response to address the issue of procedural default. Respondents filed an amended pre-answer response on June 23, 2008.  Respondents asserted the Petitioner failed to exhaust state remedies for his third claim, and that the claim was procedurally defaulted.  Petitioner filed a reply on July 7, 2008.

On August 22, 2008, Senior Judge Weinshienk entered an order dismissing Petitioner's third claim as procedurally defaulted.  Finding that the remainder of Petitioner's claims had been exhausted in the state courts, she ordered the case be reassigned for consideration of claims one and two.  Having considered the record in this matter and the record from the state court, the Court therefore address the merits of the remaining claims.

### III.  Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 .... [it] does not review a judgment, but the lawfulness of the petitioner's custody simpliciter." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court, unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). Pursuant to § 2254(d)(1), the threshold question is whether Petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

5

clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law to be applied, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard [v. Boone]*, 468 F.3d [665,] 669 [ (10th Cir. 2006) ] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House,* 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not

6

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and the Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable ... [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

### IV. Merits Analysis

As a preliminary matter, Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d).

**A. Claim One**

Petitioner asserts that his sentence was enhanced unlawfully, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because of counsel's deficient performance. In specific, the Petitioner asserts that his trial counsel was constitutionally ineffective by failing to ensure that: (1) the prosecutor amended the information to include a crime of violence count; and, (2) the jury made a finding about whether a weapon was involved in the commission of the offense before the trial court imposed an enhanced sentence. Petition at 5.

This issue was addressed by the Colorado Court of Appeals as follows:

According to defendant, [COLO. REV. STAT. ("C.R.S.")] § 16-11-309(4) and (5) [*relocated* to §§18-1.3-406(3) and (4) by 2002 amendment] would have required the People to amend the information. Such a contention regarding a burden on the prosecution cannot amount to ineffective assistance of defense counsel, and is not cognizable. In any event, defendant was charged with a crime of violence.

Defendant's contention based on Apprendi also fails. The jury convicted defendant with a specific finding of crime of violence and, accordingly, found him guilty of a statutory extraordinary risk crime for which the presumptive range sentence was ten to thirty-two years in the DOC. See §§ 18-1.3-401(1)(a)(V)(A), (10)(a), (10)(b)(XII) (modified presumptive range sentencing for class three felony extraordinary risk crime is ten to sixteen years), 18-1.4-406(1)(a), (2)(a)(I)(A), (2)(a)(II)(C) (person convicted of crime of violence for using or possession and threatening use of a deadly weapon during commission or immediate flight from crime of first or second degree assault shall be sentenced pursuant to § 18-1.3-401(8)(a)(I), C.R.S., 2006, to at least midpoint, up to twice the maximum, applicable presumptive range sentence as modified for an extraordinary risk crime), C.R.S., 2006. The sentence of twenty-five years in the DOC was within the statutorily required range of punishment for the crime of which defendant was convicted. Thus, contrary to defendant's contention, his sentence does not violate the rule of Apprendi.

> Because defendant was sentenced pursuant to the jury's specific findings and statutory mandates, we conclude defendant suffered no prejudice as a result of counsel's actions, and the court properly denied his claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) [parenthetical information omitted].

Answer, Appendix J at 3-4.

Petitioner must satisfy the following two prong standard adopted by the United States Supreme Court in *Strickland* to prevail on a claim that his trial counsel was ineffective, in violation of the Sixth Amendment: (1) counsel's legal representation fell below an objective standard of reasonableness; and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687-88. Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel's decisions are presumed to represent "sound trial strategy;" "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (internal quotations omitted). Prejudice exists when there is a reasonable probability that, but for counsel's defective representation, the outcome would have been different. *Id.* at 693.

The amended information charged Petitioner with the commission of, *inter alia*, first degree assault by means of a deadly weapon under C.R.S. § 18-3-202(1)(a) (2002), and a related crime of violence count. Trial Court File, at 13. The jury found Petitioner guilty of first degree assault. *Id.* at 53. The jury further found by special interrogatory that the prosecution had proved beyond a reasonable doubt that Petitioner "used, possessed, or threatened the use of a deadly weapon" during the

9

commission of the crime, or in immediate flight therefrom. Trial Court File at 54. The commission of first degree assault by means of a deadly weapon is a per se crime of violence which required the trial court to sentence the Petitioner in accordance with C.R.S. § 18-1.3-406. *See* C.R.S. § 18-3-202(2)(c); *Terry v. People*, 977 P.2d 145, 150 (Colo. 1999). The prosecution is not required to plead and prove a separate crime of violence under § 18-1.3-406(3) and (4) under such circumstances. *See People v. Banks*, 9 P.3d 1125, 1130 (Colo. 2000). Nonetheless, the prosecution complied with the statutory provisions in Petitioner's case. Trial Court Record, at 13, 54.

The Court finds that the state trial court record conclusively refutes Petitioner's allegations that he was not charged with a crime of violence and that the jury did not find, beyond a reasonable doubt, that he used, possessed, or threatened to use a deadly weapon during the commission of first degree assault, or in immediate flight therefrom. Therefore, without resolving whether the alleged failures in representation by Petitioner's counsel occurred or that such conduct was unreasonable, it is clear that no prejudice resulted.

*Apprendi* does not change this analysis. Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* is not implicated by Petitioner's twenty-five year prison sentence, because it conformed to the verdict of the jury and was

below the maximum authorized by the Colorado sentencing statutes for Petitioner's offense.

Initially, this Court is bound by the state appellate court's determination that Petitioner's twenty-five year sentence is within the penalty range prescribed by the Colorado General Assembly for commission of first degree assault with a deadly weapon. *See Missouri v. Hunter*, 459 U.S. 359, 366, 368 (1983) ("We are bound to accept the [State] court's construction of that State's statutes.")). Under the Colorado Criminal Code, Petitioner's offense is a class three felony and a crime of violence. *See* C.R.S. §§ 18-3-202(2)(b), 18-3-202(2)(c) (2002); *Terry v. People*, 977 P.2d at 148. The statutory presumptive range for a class three felony is four to twelve years. C.R.S. § 18-1.3-401(1)(a)(V)(A) (2002). Petitioner's offense also qualified as an extraordinary risk crime under § 18-1.3-401(10)(b)(XII) (2002). *See* § 18-3-202(1)(a); §§ 18-1.3-406(2)(a)(I)(A), and (2)(a)(II)(C); *People v. Banks*, 9 P.3d at 1131-32 & n. 10. Section 18-1.3-401(10)(a) increases, to sixteen years, the maximum presumptive range sentence for any class three felony that qualifies as an extraordinary risk crime. Finally, under C.R.S. § 18-1.3-406(1)(a), Petitioner's conviction for a crime of violence required that he be sentenced to a prison term of "at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense ... as modified for an extraordinary risk crime...." *See also* 18-1.3-401 (8)(a)(I). Accordingly, Petitioner was subject to a maximum penalty of thirty-two years imprisonment for his offense under the pertinent Colorado sentencing statutes.

11

The Court finds that Petitioner's twenty-five year sentence based on his conviction for first degree assault by means of a deadly weapon, as found by the jury beyond a reasonable doubt, was within the statutory maximum prescribed by the state legislature for that offense and therefore does not violate the rule of *Apprendi.* Because there was no valid basis to challenge the Petitioner's sentence under *Apprendi,* defense counsel's failure to raise such a challenge was not objectively unreasonable, nor did Petitioner suffer any actual prejudice as a result. Accordingly, the Court finds that the state appellate court's resolution of Petitioner's claim was not contrary to, or an unreasonable application of, *Strickland.* Petitioner is therefore not entitled to habeas relief on his first claim.

**B. Claim Two**

For his second and related claim, Petitioner asserts that the trial court violated his constitutional rights to equal protection and trial by jury under *Apprendi* in imposing an enhanced sentence. As discussed above, Petitioner's twenty-five year prison term is below the thirty-two year statutory maximum authorized by the Colorado General Assembly for Petitioner's offense. The jury found beyond a reasonable doubt that Petitioner used, possessed or threatened to use a deadly weapon during the commission of the assault, or in immediate flight therefrom. Accordingly, the state appellate court's determination that the rule of *Apprendi* was not violated is not contrary to, or an unreasonable application of federal law. Petitioner is therefore not entitled to habeas relief on his second claim.

For the reasons discussed above, Petitioner Douglas Wolff's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (# 3) is **DENIED**. It is FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall close this case.

Dated this 7th day of July, 2010

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge